IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00031-WYD-CBS

RUBY RANDELL, an individual,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware corporation,

    Defendant.

## ORDER OF REMAND

THIS MATTER comes before the Court in connection with Defendant's Notice of Removal filed January 5, 2011 (ECF No. 1).  Defendant asserts therein that removal of the state court action to this Court was appropriate on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant asserts that complete diversity exists between the parties and that the amount in controversy requirement is satisfied.

After carefully reviewing the Notice of Removal and attachments and the Complaint, I find that this case must be remanded based on Defendant's failure to show that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying

facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, Defendant acknowledges that Plaintiff does not allege the specific dollar amount he is seeking in the Complaint, as he cannot pursuant to C.R.C.P. 8(a). (Notice of Removal ¶ 3.) Thus, I turn to the Notice of Removal. Defendant states that Plaintiff has asserted two claims for relief arising out of an alleged injury and is seeking multiple types of damages. Defendant also references the District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint (the "state court civil cover sheet") filed in state court contemporaneously with the Complaint which represents that Plaintiff is "seeking a monetary judgment for more than $100,000." (Notice of Removal at 2) (citing state court civil cover sheet, Ex. B.)

I find that Defendant has failed to meet its burden of affirmatively establishing the amount in controversy on the fact of either the complaint or the Notice of Removal. I first address Defendant's argument that the allegations of the Complaint indicate that Plaintiff is seeking damages in excess of $75,000. Defendant asserts that "Plaintiff has asserted two claims for relief against Wal-Mart arising out of an alleged on [sic] the injury and damages, "including but not limited to prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury and lost of enjoyment of life." (Notice of Removal, citing Exhibit A ¶¶ 16 and 25.) These damages arise from a slip

and fall at Wal-Mart wherein Plaintiff alleges he sustained "serious", "grievous . . . and/or permanent injuries" and has incurred "reasonable and necessary medical expenses."  (Compl., ¶¶ 10-11, ECF No. 2.)

Notwithstanding the above allegations and requests for damages, it is not facially apparent from the Complaint that the amount in controversy exceeds $75,000.  In other words, it is impossible to determine from these general allegations whether the total damages will exceed $75,000 as required to establish diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  As noted by the Tenth Circuit, "[w]hen, as here, the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence."  *Martin*, 251 F.3d at 1290.  More precisely, "the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play.  *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original).  Here, Defendant has failed to present such jurisdictional facts, or provide any detail as to what Plaintiff's injuries are and how they may result in damages that exceed the jurisdictional threshold.

Second, I find that the Notice of Removal's reference to the state court civil cover sheet is not sufficient to establish that the jurisdictional amount is satisfied.  The majority of cases from this Court hold that reliance solely on the state court civil cover sheet to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See TIC-The Indus. Co. v. Liberty Mut. Ins. Co.*, No. 09-cv-00402-JLK-KMT, 2009 WL 535815, at *1 (D. Colo. 2009) (Judge Kane); *Asbury v. American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1 (D. Colo. 2009) (Judge Blackburn); *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007)

(Judge Krieger); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534, at *1 (D. Colo. 2007) (Judge Miller); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007).

As Judge Krieger noted in a detailed analysis of the issue, the Colorado civil cover sheet is neither a pleading nor an exhibit and does not constitute reliable evidence of the amount in controversy. *Baker*, 557 F. Supp. 2d at 1215. Further, she found that the civil cover sheet is too imprecise to make the required demonstration of the amount in controversy. *Id.* I agree with this analysis.

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears the Court lacks subject matter jurisdiction over this action, I find that this case must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). It is therefore

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, City and County of Denver, State of Colorado, from which this case was removed.

Dated: January 20, 2011.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge